UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY SIMMONS,<br>Plaintiff,<br>v.<br>TRANSUNION, LLC.,<br>Defendant. | No. 2:26-cv-0346 TLN AC<br><br><u>ORDER TO SHOW CAUSE</u> |

Plaintiff, appearing in pro se, filed a complaint and paid the filing fee on February 9, 2026. ECF No. 1. That same day, a scheduling order was issued ordering the plaintiff to serve a copy of the scheduling order and complete service of process within 90 days of filing the complaint. ECF No. 3 at 2. Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). <u>Id.</u>

Plaintiff filed a "summons returned executed" on February 10, 2026 (ECF No. 5), but as the court explained to plaintiff in an order dated May 28, 2026 (ECF No. 6), the document showed on its face that service was not properly completed. First, the document identifies plaintiff himself as the process server. Rule 4(c)(2) states that a summons and complaint can be served by a "person who is at least 19 years old and *not a party*" to the case. Fed. R. Civ. P. 4(c)(2) (emphasis added). This means that plaintiff cannot serve the summons and complaint himself; a non-party must complete service. Also, plaintiff identifies the "record of service"

address as his own address, such that it appears he served the documents on himself rather than on defendant. ECF No. 5 at 3. Finally, the "Return of Service" portion of the filing is blank. Id. at 5. For all these reasons, it is clear from the document filed by plaintiff that defendant has not been served. The undersigned issued an order to show cause why the action should not be dismissed for failure to prosecute. ECF No. 6.

On June 12, 2026, plaintiff filed a motion for an extension of time to complete service. ECF No. 7. The undersigned granted the extension of time and ordered that service be completed by July 20, 2026. See Docket Entry dated June 18, 2026. Plaintiff did not timely file a proof of service or make any other filing.

Local Rule 110 provides that failure to comply with court orders or the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is Ordered to Show Cause, in writing no later than August 6, 2026, why this action should not be dismissed for failure to prosecute;
2. Plaintiff's filing of a proof of service upon defendant that demonstrates that service was executed in accordance with Federal Rule of Civil Procedure 4 will be deemed good cause shown; and
3. If plaintiff fails to comply with this order, the undersigned will recommend that the case be dismissed without prejudice for failure to prosecute.

DATED: July 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE