UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RAY SIMMONS,<br>Plaintiff,<br>v.<br>TRANSUNION LLC,<br>Defendant. | No. 2:26-cv-0346 TLN AC PS<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff filed a complaint and paid the filing fee on February 9, 2026. ECF No. 1. That same day, a scheduling order was issued ordering the plaintiff to serve a copy of the scheduling order and complete service of process within 90 days of filing the complaint. ECF No. 3 at 2. Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Federal Rule of Civil Procedure 4(m). <u>Id.</u>

Plaintiff filed a "summons returned executed" on February 10, 2026 (ECF No. 5), but as the court explained to plaintiff in an order dated May 28, 2026 (ECF No. 6), the document showed on its face that service was not properly completed. First, the document identified plaintiff himself as the process server. Rule 4(c)(2) states that a summons and complaint can be served by a "person who is at least 19 years old and not a party" to the case. Fed. R. Civ. P.

4(c)(2) (emphasis added). This means that plaintiff cannot serve the summons and complaint himself; a non-party must complete service. Also, plaintiff identified the "record of service" address as his own address, such that it appears he served the documents on himself rather than on defendant. ECF No. 5 at 3. Finally, the "Return of Service" portion of the filing was blank. Id. at 5. For all these reasons, it is clear from the document filed by plaintiff that defendant had not been served. The undersigned therefore issued an order to show cause why the action should not be dismissed for failure to prosecute. ECF No. 6.

On June 12, 2026, plaintiff filed a motion for an extension of time to complete service. ECF No. 7. The undersigned granted the extension of time and ordered that service be completed by July 20, 2026. See Docket Entry dated June 18, 2026. Plaintiff did not timely file a proof of service or make any other filing. On July 28, 2026, the undersigned issued a second order to show cause why this case should not be dismissed for failure to prosecute, requiring a respond by August 6, 2026. ECF No. 9 at 2. Plaintiff has not responded, and there is no indication that service has been completed.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 11, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE